IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT D. TAYLOR                                                                PLAINTIFF

v.                                    CIVIL NO. 22-cv-5139

KILOLO KIJAKAZI, Acting Commissioner                                            DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Robert D. Taylor, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff protectively filed his application for DIB on April 29, 2020. (Tr. 12). In his application, Plaintiff alleged disability beginning on March 18, 2019, due to bipolar disorder, spinal cord injury, and depression. (Tr. 12, 271). An administrative hearing was held on January 27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 12, 30–60).

On February 25, 2022, the ALJ issued an unfavorable decision. (Tr. 12-24). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: osteoarthritis/degenerative disc disease of the lumbar spine, degenerative joint disease of bilateral knees, gastroesophageal reflux disease, hypertension, narcolepsy, insomnia, hypothyroidism, obesity, bipolar disorder, generalized anxiety disorder, and obsessive-compulsive

1

disorder. (Tr. 14–15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15–17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can only occasionally climb, balance, stoop, kneel, crouch, and crawl; the claimant must avoid concentrated exposure to hazards, i.e., no work at unprotected heights, no work around dangerous moving unprotected machinery, no driving as a part of work; and the claimant can perform work where there is occasional routine interpersonal contact, where tasks involve more than one or two steps, but are not complex, where the complexity of tasks is learned by experience, with several variables and use of judgment is within limits, and where the supervision required is little for the routine tasks but detailed for the non-routine tasks.
> (Tr. 17–21).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of his past relevant work but would be able to perform the representative occupations of merchandise marker, mail sorter, and routing clerk. (Tr. 21–24). The ALJ found Plaintiff was not disabled from April 29, 2020, through the date of his decision. (Tr. 24). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on January 7, 2021. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs. (ECF Nos. 19, 23, 24). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the

ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises the following on appeal: 1) whether the ALJ erred by failing to consider Plaintiff's use of a cane; 2) whether the ALJ erred in failing to properly evaluate the medical opinion evidence and ignored the functional capacity evaluation; 3) whether the ALJ violated Plaintiff's due process rights and the equal protection clause by denying him a full and fair hearing and failed to fulfill his burden at step five; and 4) whether the ALJ erred in failing to identify jobs in the region in which Plaintiff lives, or in several regions in the national economy. (ECF No. 19).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of his or her limitations. *Guilliams v. Barnhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is

[also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In this case, four state agency medical consultants reviewed Plaintiff's records and offered their opinions as to Plaintiff's RFC. (Tr. 20, 62–77, 79–94). On August 31, 2020, Teresa Kramer, Ph.D., opined that the evidence supported a capacity for work where interpersonal contact is routine and tasks involve more than one or two steps but are not complex, e.g., grocery checker; complexity of tasks is learned by experience with several variables, judgment within limits; supervision is little for routine but detailed for non-routine and noted this was semiskilled work. (Tr. 70). On October 23, 2020, Laurie Clemens, Ph.D., reviewed the updated evidence and concurred with Dr. Kramer's opinion. (Tr. 88). The ALJ found these opinions to be persuasive and adopted very similar limitations in his RFC findings. (Tr. 17, 20). On September 3, 2020, Denise Greenwood, M.D., opined that the evidence supported light work with no postural or environmental limitations. (Tr. 72–73). On October 23, 2020, Clarence Ballard, M.D., reviewed Plaintiff's updated records and concurred with Dr. Greenwood's opinion. (Tr. 90–91). The ALJ considered these opinions and found them to be persuasive but found that Plaintiff would have additional limitations considering additional medical evidence submitted at the hearing level. (Tr. 20). In his RFC determination, the ALJ found Plaintiff could perform light work with additional postural and environmental restrictions as described above. (Tr. 17). However, the ALJ did not discuss which impairments or limitations required these additional limitations, or which medical evidence supported these limitations. (Tr. 17–21).

The ALJ appropriately did not consider the determination made by the Department of Veteran Affairs that Plaintiff had a service-connected disability, as determinations made by other agencies under different standards are neither valuable nor persuasive. The ALJ considered the

5

opinion offered by Joel Sebag, DPT and found his opinion unpersuasive as he saw Plaintiff only one time and did not provide explanation to support his findings and conclusions. (Tr. 21). The ALJ further found that Mr. Sebag's opinions were not consistent with the opinions offered by the state agency medical consultants or any objective findings in the record from the claimant's treating medical sources. However, the ALJ did not account for the fact that Mr. Sebag's examination took place on April 20, 2021, six months after the nonexamining physicians offered their reconsideration opinions and one week after Plaintiff's physician prescribed him a cane. (Tr. 1094–1130, 1164). The ALJ did not discuss the functional capacity evaluation performed by Joel Sebag at any point during the RFC determination, including in considering whether his opinion was consistent with objective medical evidence in the record.

While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base his opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); and, *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision). In this case, the ALJ did not address the only examining evidence that addressed Plaintiff's ability to function in the workplace, and did not consider Plaintiff's use of a prescribed cane.

The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC. On remand, the ALJ is directed to obtain RFC assessments from the Plaintiff's treating physicians, allowing the treating physicians the opportunity to provide an explanation for the limitations assigned should the ALJ have questions. If those physicians are

unwilling or otherwise unable to complete the RFC assessments, then the ALJ is directed to order a consultative examination, complete with a detailed RFC assessment of the Plaintiff's limitations. The ALJ should then reassess the Plaintiff's RFC, taking into account all of his impairments, and conduct a thorough step four and, if necessary, step five analysis.

### IV.     Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 6th day of July 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE