IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT TAYLOR                                                                                                              PLAINTIFF

v.                                                           CIVIL NO. 5:22-5139

LEE DUDEK, Acting Commissioner
Social Security Administration[1]                                                                                         DEFENDANT

# REPORT AND RECOMMENDATION

Plaintiff, Robert Taylor, appealed the Commissioner's denial of benefits to this Court. On July 24, 2023, U.S. District Judge Timothy L. Brooks adopted the undersigned's Report and Recommendation and issued a judgment reversing and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF Nos. 26, 27). Following remand, Plaintiff was determined to be disabled as of September 2019 and awarded benefits. (ECF No. 33-4).

**1.      Background**

On March 10, 2025, Plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), seeking an award just slightly less than twenty-five percent of Plaintiff's past-due benefits or $30,000. (ECF No. 33).  Defendant responded on March 14, 2025, stating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $30,000 under 42 U.S.C.§ 406(b)." (ECF No. 35).

---

[1] Lee Dudek has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

**2.     Applicable Law**

Federal law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. *See* 42 U.S.C. §§ 406(a)-(b). Section 406(a) governs fees for representation in administrative proceedings and Section 406(b) controls fees for representation in court. *Culbertson v. Berryhill,* 586 U.S. 53, 55 (2019), citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

Successful claimants may seek fees from the court under both 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), and 42 U.S.C. § 406(b). Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment, a reasonable attorney fee for the representation of the claimant before the court. This fee must not exceed twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the claimant's past-due disability insurance benefits.[2] *Id.; see also Iames v. Saul,* 2021 WL 2364455 (W.D. Ark. June 9, 2021). While fee awards may be made under both § 406(b) and EAJA, the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat 186).

A court is not authorized to approve a fee for time spent in the representation of the claimant at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency. *See Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the

---

[2] A court, however, is not authorized to award attorney's fees out of claimant's past-due supplemental security income benefits. *Id.; see also Bowen v. Galbreath,* 485 U.S. 74, 87 (1988) (holding that a court is not authorized to award past-due supplemental security income benefits as attorney's fees under Section 406(b)).

administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts."). Instead, a claimant's attorney must petition the agency for award of these fees. *See* 42 U.S.C. § 406(a).

In determining the fee, the Supreme Court has made clear that Section 406(b) instructs courts to use attorney-client contingency fee agreements when determining the fees to be awarded. *See Gisbrecht v. Barnhart*, 535 U.S. at 793. This consideration should not serve to "override customary attorney-client contingency-fee agreements." *Id.* at 808. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. Where a contingency agreement is within the boundary set by statute – capped at 25% of the past-due benefits awarded – the Court must determine whether the fees sought are reasonable before awarding fees under Section 406(b). *Id.* The Supreme Court's guidance includes consideration of the character of the representation, the results the representation achieved, whether any delays were caused because of the representation, the actual amount of time spent achieving success, and counsel's normal hourly rate. *Id.* at 808-809.

3.   **Discussion**

Plaintiff's counsel spent 31.8 hours of work devoted to representing Plaintiff before this Court and Plaintiff was awarded fees of $6,996.00. (ECF Nos. 28-2, 31, 32). Pursuant to the contingency fee agreement (ECF No. 33-2), Plaintiff's counsel contracted for a fee equal to twenty-five percent of past-due benefits. *Id.* Counsel's request for $30,000, less the $6,996 in fees paid under EAJA, when divided by the 31.8 hours of work performed before this Court, equates to an hourly rate of approximately $723.40. This rate is comparable to rates approved by other courts within the Eighth Circuit. *See, e.g., Bane v. Commissioner*, 2025 WL 623640 (E.D. Ark. Feb. 26, 2025) (awarding fees of $58,429.48); *McGill v. Commissioner*, 2024 WL 4393582, * 1 (W.D. Ark.

Oct. 3, 2024) (awarding a fee equivalent to $977 per hour); *Camoza v. O'Malley,* 2024 WL 1915827 (W.D. Ark. April 26, 2024) (awarding fee equivalent to $657.19 per hour); *Porterfield v. Kijakazi,* 2023 WL 5722612, at *5-6 (E.D. Mo. Sept. 5, 2023) (awarding a fee equivalent to an hourly rate of $2,016.27); *Parker v. Kijakazi,* 2023 WL 5184983 (W.D. Ark. Aug. 11, 2023) (awarding fee equivalent to $275.71 per hour); *Darrough v. Commissioner,* 2022 WL 10719064 (W.D. Ark. Oct. 18, 2022) (awarding fee equivalent to $349 per hour); *Smith v. Astrue,* 2008 WL 2609443 (D. Minn. June 24, 2008) (approving attorney's fees in the amount of $30,066.50). These decisions reflect an earlier observation of U.S. District Judge Brian Miller in *Lowery v. Colvin*, 2016 WL 4500507 (E.D. Ark. Aug. 26, 2016) to the effect that Section 406(b) "cases run the gamut of recovery amounts." *Id.*

Here, Plaintiff contracted to pay his attorney twenty-five percent of any past-due benefits owing, and nothing in the record suggests there was any overreaching by counsel when making the fee agreement. Had counsel been unsuccessful in obtaining benefits for her client, counsel would not be entitled to any fee award; it goes without saying that counsel representing claimants via contingency agreements are exposed to a substantial risk of loss. *See Wyles v. Astrue,* 2009 WL 4730686, *3 (E.D. Ark. Dec. 3, 2009) (Social Security fee awards should be substantial enough to encourage attorneys to accept risk of nonpayment). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award, from which § 406(b) fees are deducted. *Id.* Benefits recovered for Plaintiff are substantial, not in just past-due benefits ($123,362.00) (ECF No. 33-4) but in benefits Plaintiff will continue to receive in the future ($2,074 monthly beginning November 2024). It is noted that counsel's fee request is just under the twenty-five percent ceiling and reasonable considering the contingency agreement. Defendant had an opportunity to oppose the Motion but chose not to do so. (ECF No. 35). The

undersigned acknowledges Plaintiff's counsel's history of representing social security claimants and her favorable reputation in the legal community. Counsel is not only competent but there is no evidence in the record of any impropriety or delay attributable to counsel. Examination of the totality of the circumstances does not suggest or imply that the fee sought would represent a windfall to counsel.

For these reasons, the undersigned recommends that the District Court **GRANT** the Motion for Fees (ECF No. 33) and award Plaintiff's counsel a contingency fee award of $30,000 to be paid from Plaintiff's past-due benefits, and to direct counsel to return the EAJA fee of $6,996 to the Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 2nd day of April 2025.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE